**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ROLAND JERNIGAN, ID # 12003308,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:13-CV-1790-B-BH |
| ) | |
| **AUBREY PRENTICE, et al.,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for screening. Based on the relevant filings and applicable law, plaintiff's complaint should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Roland Jernigan (Plaintiff), an inmate at the Dallas County Jail sues numerous defendants under 42 U.S.C. § 1983, including Aubrey Prentice, the DeSoto Police Department (DPD), DPD Officers R. Mitchell, Zihlman, and T. Van Winkle and DPD Corporal D Lyons (Officers), Dallas County (County), and Assistant District Attorney Marci McClellan Curry (ADA). He asserts that his constitutional rights were violated when Prentice hit him with his car on March 6, 2009, causing him physical injuries. (Magistrate Judge's Questionnaire "MJQ" Ans. 1). Plaintiff alleges that the Officers who responded to the accident harassed, profiled, and subsequently wrongfully arrested him on false charges based on statements by Prentice and others after they became aware of his prior criminal history. (MJQ Ans. 3-6). He sues the County and the ADA who prosecuted him, alleging false indictment, wrongful incarceration, harassment based on his prior felony, and the violation of his right to a speedy trial. (MJQ Ans. 2, 7).

Plaintiff was initially charged with injury to a child and assault on March 12, 2009, based on the incidents that occurred on March 6, 2009. He was arrested and charged with an unrelated

burglary on January 14, 2012. He was incarcerated from that date until his jury trial in May of 2013. On May 9, 2013, he was found guilty in the burglary case and was sentenced to ten years' imprisonment. (MJQ Ans. 10; *see also* www.dallascounty.org, search Cause Nos. F09-20384, MA09-20396, F11-59314). The injury to a child and assault cases were dismissed on May 10, 2013, and May 31, 2013, respectively. He is currently being held in Dallas County because of a pending burglary charge in Denton County. (MJQ Ans. 10). Plaintiff seeks monetary compensation, the reversal of the burglary conviction currently on appeal, and the expungement of the injury to a child case from his record. (MJQ Ans 11). No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be

2

granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.  SECTION 1983

Plaintiff sues the defendants under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.  Habeas Claims**

Plaintiff seeks relief from a burglary conviction currently on appeal. (MJQ Ans. 11). Habeas relief is an inappropriate remedy in a § 1983 action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, so he fails to state a claim upon which relief may be granted on his request for habeas relief with respect to his burglary conviction.

**B. Expungement Claim**

Plaintiff seeks to have the dismissed injury to a child charge expunged from his record. Expungement is not the type of relief available under § 1983, because the right to expunge state records is not a federal constitutional right. *Rodgers v. State of Texas*, 2004 WL 764946, slip op. at *2 (N.D. Tex. April 7, 2004) *citing Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989), *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980). Even if available in a § 1983 action, however, lower federal courts may not order the expungement of state convictions or public records absent some "special circumstance". *See Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978), *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Plaintiff has alleged no special circumstance that would warrant a federal court ordering the expungement of his state record.

**C. Claims against Non-Jural Entity**

Plaintiff sues the DPD. (Comp. at 1). A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. A city police department is not a jural entity subject to suit. *See, e.g.*, *Williams v. City of Dallas Police Dep't*, No. 3:09-CV-0275-P, 2009 WL 812239, at *2 (N.D. Tex. Mar. 26, 2009) (accepting recommendation of Mag. J.); *Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007).[1] The claims against DPD should therefore be dismissed.

---

[1] The MJQ specifically advised Plaintiff that the DPD is a non-jural entity and provided him an opportunity to amend his complaint to add additional defendants. He declined to named any additional defendants. (MJQ Ans. 8).

**D. Claims against Immune Defendant**

Plaintiff sues the ADA assigned to the criminal court to which was injury to a child was assigned for alleged malicious prosecution, the violation of his right to a speedy trial, wrongful arrest and detention, and acceptance of a false police report in her official capacity. (Compl. at 2; MJQ Ans. 7).

*1. Official Capacity Claims*

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Hafer v. Melo*, 502 U.S. 21, 26–27 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[2] "The Eleventh Amendment acts as a jurisdictional bar to a suit in federal court against a state or one of its agencies. This immunity applies unless it is waived by consent of a state or abrogated by Congress. " *See Curry v. Ellis Cnty., Tex.*, 2009 WL 2002915, at *3 (N.D. Tex. July 10, 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984)). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491

---

[2] Although courts and litigants often use "Eleventh Amendment immunity" as a "convenient shorthand", the phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *N. Ins. Co. of N.Y. v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006) (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

U.S. 58, 71 (1989).

Texas district attorneys and assistant district attorneys are considered agents of the State of Texas and therefore have Eleventh Amendment immunity for claims for monetary damages asserted against them in their official, prosecutorial capacities. *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir.1997); *Quinn v. Roach*, 326 Fed. App'x 280, 292-293 (5th Cir. May 4, 2009). Any official capacity claims against the ADA are based on actions taken in her official capacity as an agent of the State of Texas. Accordingly, Plaintiff's § 1983 official capacity claims against the ADA should be dismissed as frivolous because the State of Texas is immune from suit.

### *2. Individual Capacity Claims*

To the extent that Plaintiff's complaint is construed as suing the ADA in her individual capacity, prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). While the Supreme Court has recognized that a prosecutor has only qualified immunity with respect to his or her administrative and investigative duties, *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993), Plaintiff in this case has made no allegation that the ADA acted other than in an adjudicative role as a prosecutor. He sues her only because he was indicted on charges after his arrest, and because of the period of time between his indictment and when he was either tried or the charge was dropped. These actions are taken by a prosecutor in his/her role as an advocate for the State. *Id.* at 273. Furthermore, a prosecutor is entitled to absolute immunity for acts taken to initiate prosecution, even against allegations that she acted "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987), *citing Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

Because all of the acts of which Plaintiff complains were taken during the course and scope

of the duties of a prosecutor, the ADA is entitled to immunity. *See Imbler*, 424 U.S. at 423. Any § 1983 claims against her in her individual capacity should be dismissed.

### D. Claims against Non-State Actor

Plaintiff alleges that while Prentice was in his car on March 6, 2009, Plaintiff asked him for a ride and to use his phone to call the police because Plaintiff's car was being stolen. When another individual told Prentice that plaintiff had assaulted her and her baby, Prentice grabbed Plaintiff's arm and drove off, running over Plaintiff's legs with his car. (MJQ Ans. 1).

In order to allege a viable claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. at 155; *Cornish v. Corr. Servs. Corp.*, 402 F.3d at 549. "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Prentice is a private party. Plaintiff has alleged no facts to support that any alleged wrongdoing committed by Prentice may be fairly attributable to the State. He has therefore failed to state a viable claim under § 1983 against Prentice, and his claims against him should be dismissed.

### E. Claims against Municipalities

Plaintiff expressly sues the Officers in their official capacities as well as the County. (MJQ Ans. 2-6). A suit against the individual Officers in their official capacities is merely another way of pleading an action against their municipal employer, the City of DeSoto (City). *Kentucky v.*

*Graham*, 473 U.S. at 165. Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008). However, § 1983 does not allow a municipality to be held vicariously liable for their employees' actions on a theory of respondeat superior. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978).[3] To hold a municipality liable under § 1983, plaintiffs must show an "underlying claim of a violation of rights,"as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). The official policy requirement means that municipal liability under § 1983 is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986).

Plaintiff claims against the County allege that its employees falsely indicted him, wrongfully incarcerated him, harassed him because he is a felon, maliciously prosecuted him, and denied him his right to a speedy trial. (MJQ Ans. 2). He asserts that the Officers harassed and stereotyped him because of his previous convictions, filed a false police report, slandered him, and wrongfully arrested him. (MJQ Ans. 3-6). Plaintiff does not allege that a specific policy was officially adopted and promulgated by the City's or County's lawmaking officers, or by an official who had been delegated law-making authority. He also fails to allege a constitutional violation for which the moving force was the policy. Finally, he has failed to allege any persistent and widespread practice that caused his injuries. *See Monell*, 436 U.S. at 691–95. He asserts that the County knew about the charges against him because he sent a letter to Internal Affairs and to the District Attorney (MJQ

---

[3] Municipal liability analysis also applies to Texas counties. *See Prince v. Curry*, No. 10-10294, 2011 WL 1659493, at * 3 n. 3 (5th Cir. Apr. 28, 2011); *Brady v. Fort Bend County*, 145 F.3d 691 (5th Cir. 1998).

Ans. 2). Plaintiff's assertion that he informed certain employees of the County about the charges does not allege facts to support a claim that the County has either a policy or custom of falsely indicting and imprisoning individuals or denying their rights to a speedy trial or that the City has a policy or custom of falsely arresting individuals based on their status as convicted felons. Plaintiff has failed to state a viable § 1983 claim against the County, and his official capacity claims against the Officers should also be dismissed.

## F. Claims Against Officers

Plaintiff asserts that the Officers violated his constitutional rights when they arrested him on March 6, 2009. (MJQ Ans. 3-6). Liberally construing his allegations as claims against the Officers in their individual capacities, they are barred by the statute of limitations.

### 1. Statute of Limitations

Courts "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in cases filed pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period for § 1983 cases. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414.

Here, Plaintiff was arrested on March 6, 2009, and his accrued on that date. *Wallace*, 549 U.S. at 391-92 (holding that the statute of limitations on a claim of false arrest began to run when Wallace appeared before the magistrate, not when he was later released). Plaintiff's complaint was filed on April 29, 2013, more than four years later. (Compl. at 9).[4] His claims against the Officers are therefore time-barred in the absence of equitable tolling.

### *2. Equitable Tolling*

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a

---

[4] Under the prison mailbox rule, a civil action filed by a prisoner is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995).

plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights"). The Fifth Circuit has stated that equitable tolling is appropriate in cases where a plaintiff is either actively misled by the defendant or is prevented in some "extraordinary way" from asserting his rights. *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). A plaintiff has the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Plaintiff alleges that his claims should be considered timely because he spoke to several unnamed lawyers after his arrest and subsequent release on personal bond in March of 2009, and they told him that he could not file suit while he had a criminal case pending and that he had to have the cases either dismissed or be acquitted before he could file suit. Plaintiff further states that these attorneys told him that he had two years to file suit *after* his criminal cases were resolved. (MJQ Ans. 9).

The Supreme Court has specifically held that a plaintiff's claims of false arrest and false imprisonment accrue at the time of the arrest and subsequent appearance before the magistrate, not when the charge is later dropped. *Wallace v. Kato*, 549 U.S. at 392-93.[5] Even accepting Plaintiff's assertion that unnamed attorneys advised him incorrectly about the law, he has failed to allege

---

[5] Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a plaintiff cannot prevail in a civil rights action if the successful action would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. However, *Heck* address a civil rights case that would call into question the validity of the plaintiff's conviction. If a plaintiff files suit alleging false arrest, or any other claim regarding his arrest, prior to being convicted, the case may be stayed by the district court until the criminal case is ended. *Wallace v. Kato*, 549 U.S. at 393-94.

extraordinary circumstances that warrant equitable tolling. "[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified". *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). Furthermore, neither ignorance of the law by a *pro se* litigant nor his lack of counsel constitutes cause for equitable tolling. *Felder v. Johnson*, 2054 F.3d 168, 171-72 (5th Cir. 2000); *see also Kelly v. City of Wichita Falls*, 65 Fed. App'x 508, *1 (5th Cir. March 27, 2003) (finding no grounds for equitable tolling where the plaintiff was unable to obtain the services of a lawyer); *Robinson v. Dallas Police Dept.*, 275 F.3d 1080 (5th Cir. Oct. 26, 2001) (unpublished) (equitable tolling not warranted where the plaintiff was illiterate and had sought the assistance of four different attorneys). Plaintiff has not shown that equitable tolling is warranted, and any claims against the Officers in their individual capacities should therefore be dismissed as time-barred.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**SIGNED this 6th day of August, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                     */s/ Irma Carrillo Ramirez*
                     IRMA CARRILLO RAMIREZ
                     UNITED STATES MAGISTRATE JUDGE